IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL ACTION FILE NO.: 1:14-cv-00174-MR-DLH

| | |
|---|---|
| DAVID WEBER, )<br>   Plaintiff )<br>)<br>v. )<br>) **FIRST AMENDED COMPLAINT**<br>TOYOTA MOTOR SALES USA, INC. and )<br>TOYOTA MOTOR CORPORATION, )<br>   Defendants ) | |

  Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, Plaintiff David Weber brings this First Amended Complaint and complaining of Defendants Toyota Motor Sales USA, Inc. and Toyota Motor Corporation, alleges and says:

## PARTIES AND JURISDICTION

  1. Plaintiff is a citizen and resident of Buncombe County, North Carolina.

  2. Defendant Toyota Motor Sales USA, Inc. ("TMS") is a foreign corporation authorized and licensed to do business in the State of North Carolina and regularly transacts and does business in North Carolina.

  3. Upon information and belief, Defendant Toyota Motor Corporation ("TMC") is a foreign corporation that regularly transacts and does business in North Carolina.

  4. TMS and TMC will collectively be referred to herein as "Toyota."

  5. This Court has jurisdiction over the persons and subject matter of this litigation.

  6. Venue is proper in this Court.

# FACTS

7. Defendant Toyota designed and manufactured a 2004 Toyota Tacoma bearing vehicle identification number 5TEWN72N642358156 ("Vehicle").

8. The left front position (driver's seat) of the Vehicle was originally equipped with a seat belt restraint system ("Seat Belt").

9. Plaintiff owned the Vehicle at all times relevant to this action.

10. At all relevant times herein, the Vehicle was being driven by Plaintiff.

11. On May 5, 2012, at approximately 1:24 a.m., Plaintiff was operating the Vehicle which was bearing North Carolina license plate number TYW-9402. Plaintiff was traveling in the middle lane of the I-240 East roadway between the U.S. 70 roadway and Fairview Road, in the City of Asheville, Buncombe County, North Carolina.

12. At the time as aforesaid, a 2008 Honda vehicle ("2008 Honda") owned by Catherine Horner Sloan and driven by Stephen Mapp Sloan, bearing North Carolina license plate number AFT-1149, merged onto the I-240 East roadway from Tunnel Rd., Exit 7, in the City of Asheville, Buncombe County, North Carolina.

13. The 2008 Honda attempted to merge onto the I-240 East roadway. When it did so, the 2008 Honda merged directly into the Vehicle, causing a collision with the Vehicle ("Collision"). The Collision caused the Vehicle to overturn.

14. At the time of the Collision, the Seat Belt broke. More specifically, the webbing of the Seat Belt failed.

15. As a direct and proximate result of the Seat Belt failing, Plaintiff was violently ejected from the Vehicle.

16. As a direct and proximate result of the Seat Belt failing, Plaintiff sustained serious and permanent personal injuries including, but not limited to, injuries to his abdomen and lower extremities, as well as scarring and other disfigurement, which have caused and continue to cause Plaintiff a substantial amount of physical pain and emotional suffering.

17. By reason of said personal injuries, Plaintiff has undergone extensive medical treatment and care, and he has incurred expenses to date in a sum in excess of Four Hundred Sixty Thousand and No/100 Dollars ($460,000.00) for medical care related directly to said injuries. As he is further advised, informed, believes, and so alleges, he will incur additional expenses for future medical treatment in a presently undetermined amount.

18. By reason of said personal injuries, Plaintiff also has incurred lost wages in an amount to be proven at trial.

19. By reason of said personal injuries, Plaintiff experiences substantial discomfort and limitation of motion and functionality. Plaintiff is severely limited and is unable to function as he could prior to sustaining his injuries, all to his permanent damage.

20. By reason of said personal injuries and consequent damages, medical care and attention, medical expenses, pain and suffering, scarring, lost wages, loss of use, and permanent impairment and disability, Plaintiff has sustained damages in an amount in excess of Twenty-Five Thousand and No/100 Dollars ($25,000.00).

## FIRST CLAIM FOR RELIEF
(*Negligence*)

21. Plaintiff hereby incorporates herein by reference the allegations above as though fully set forth.

22. Defendant Toyota, as manufacturer and seller of the Vehicle, had a duty to design, manufacture and sell a product that was not unreasonably dangerous or defective.

23. Defendant Toyota had a duty to warn Plaintiff and foreseeable users and operators of the Vehicle of dangers and defects of which Toyota created and/or knew or should have known existed through the exercise of reasonable care.

24. Defendant Toyota breached the aforementioned duties and was negligent, careless, and/or reckless in the following acts and/or omissions:

    a. By failing to properly design, test, and/or manufacture the Vehicle in a reasonably safe manner;

    b. By failing to properly design, test, and/or manufacture the Seat Belt to ensure proper and safe operation and functioning of same;

    c. By failing to warn Plaintiff of the unreasonably dangerous condition and defect, namely an improperly designed, manufactured, inspected, or tested Seat Belt;

    d. By failing to warn Plaintiff of dangerous conditions about which it knew or should have known, namely the propensity of the Seat Belt to fail;

    e. By manufacturing, labeling, promoting, and selling products that Toyota either knew or should have known did not meet the standards or levels of scientific advancement existing in the trade;

     f. By allowing the Vehicle to leave its control without an adequate warning or instruction, such that the Vehicle created an unreasonably dangerous condition of which Toyota knew, or in the exercise of ordinary care should have known, posed a substantial risk of harm to reasonably foreseeable claimants such as Plaintiff;

     g. By failing to take reasonable steps after the Vehicle left its control to give adequate warning or instruction or to take other reasonable action under the circumstances to notify reasonably foreseeable users or consumers of the Vehicle such as Plaintiff of the dangerous condition of the Vehicle, of which condition Toyota became aware or in the exercise of reasonable care should have known; and,

     h. By failing to perform such other duties as may be ascertained through discovery and proven at the trial of this action.

  25. As a direct and proximate result of the actions and/or non-actions of Toyota, Plaintiff has been damaged in an amount in excess of Twenty-Five Thousand and No/100 Dollars ($25,000.00).

**SECOND CLAIM FOR RELIEF**
(*Breach of Warranty*)

  26. Plaintiff hereby incorporates herein by reference the allegations above as though fully set forth.

  27. Toyota manufactured the Vehicle.

  28. The Seat Belt was a component, and otherwise part, of the Vehicle.

  29. Toyota is a merchant with respect to goods such as the Vehicle.

  30. Toyota knew at the time of the sale of the Vehicle the particular use of said Vehicle.

31.     Plaintiff and/or the buyer relied on Toyota's skill or judgment to select or furnish suitable products for the intended purpose.

32.     Plaintiff was the owner of the Vehicle.

33.     The implied warranties of merchantability and fitness for a particular purpose apply to the Vehicle.

34.     Toyota has breached the warranty of merchantability and/or warranty of fitness for a particular purpose by designing and/or manufacturing a defective and unreasonably unsafe product; by providing inadequate warnings or instructions; by failing to warn Plaintiff and/or all foreseeable users, operators and/or passengers of the existence of all dangerous conditions and/or defects that Toyota created or knew or should have known upon reasonable inspection existed; and for other acts to be proven at trial.

35.     The Vehicle was unmerchantable and/or was not fit for the particular purpose known by Toyota.

36.     As a direct and proximate result of the breaches by Toyota, Plaintiff has been damaged in an amount in excess of Twenty-Five Thousand and No/100 Dollars ($25,000.00).

## THIRD CLAIM FOR RELIEF
*(Violations of Chapter 99B, North Carolina General Statutes)*

35.     Plaintiff hereby incorporates herein by reference the allegations above as though fully set forth.

36.     Plaintiff is a claimant as defined by N.C. Gen. Stat. § 99B-1(1).

37.     This action is a product liability action as defined by N.C. Gen. Stat. § 99B-1(3).

6

38. Toyota is a manufacturer and a seller of the Vehicle, which included the Seat Belt, as defined by N.C. Gen. Stat. § 99B-1(2) and (4).

39. The acts and omissions of Toyota, as detailed herein, constitute violations of Chapter 99B of the North Carolina General Statutes.

40. Plaintiff is entitled to recover damages in a sum in excess of Twenty-Five Thousand and No/100 Dollars ($25,000.00).

WHEREFORE, Plaintiff prays unto the Court:

1. That Plaintiff have and recover of Toyota Motor Sales USA, Inc. and Toyota Motor Corporation, jointly and severally, a sum in excess of Twenty-Five Thousand and No/100 Dollars ($25,000.00) in compensatory damages, plus interest from the date this suit was instituted, costs, and such other relief as the Court may deem just and proper;

2. That this action be tried by a jury as by law provided;

3. For interests, costs, and attorneys' fees; and,

4. For such other and further relief as this Court may deem just and proper.

This the 4th day of September, 2014.

>*/s/ Thomas S. Babel*
>Thomas S. Babel
>N.C. State Bar I.D. No.:  35004
>email:  tsb@wardandsmith.com
>Jeremy M. Wilson
>N.C. State Bar I.D. No.:  43301
>email:  jw@wardandsmith.com
>For the firm of
>Ward and Smith, P.A.
>Post Office Box 7068
>Wilmington, NC  28406-7068
>Telephone:  910.794.4800
>Facsimile:  910.794.4877
>Attorneys for Plaintiff

CERTIFICATE OF SERVICE

I hereby certify that on September 4, 2014, I electronically filed FIRST AMENDED COMPLAINT with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Paul Joseph Osowski and Harlan I. Prater, IV.

>  */s/ Thomas S. Babel*
>  Thomas S. Babel
>  N.C. State Bar I.D. No.: 35004
>  email: tsb@wardandsmith.com
>  Jeremy M. Wilson
>  N.C. State Bar I.D. No.: 43301
>  email: jw@wardandsmith.com
>  For the firm of
>  Ward and Smith, P.A.
>  Post Office Box 7068
>  Wilmington, NC 28406-7068
>  Telephone: 910.794.4800
>  Facsimile: 910.794.4877
>  Attorneys for Plaintiff

ND: 4848-8188-8797, v. 1