IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | |
|---|---|
| David Weber, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 1:14-cv-00174-MR-DLH |
| ) | |
| Toyota Motor Sales U.S.A., Inc., et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

## ANSWER OF TOYOTA MOTOR CORPORATION TO FIRST AMENDED COMPLAINT

COMES NOW, the Defendant, Toyota Motor Corporation (hereinafter "TMC"), hereby responding to Plaintiff's First Amended Complaint, alleges and says:

### FIRST DEFENSE

1. TMC lacks sufficient information upon which to form a belief as to the truthfulness of the allegations in Paragraph 1 and therefore denies the same.

2. In response to Paragraph 2, TMC admits, upon information and belief, that Toyota Motor Sales, U.S.A., Inc. ("TMS") is a California corporation whose principal place of business is in Torrance, California. TMC further admits, upon information and belief, that TMS is the authorized importer and distributor, in certain geographical areas, of Toyota motor vehicles in the continental United States. TMC denies the remaining allegations in this Paragraph.

3. In response to Paragraph 3, TMC admits it is a corporation located in Japan, and that it had overall responsibility for the design of Toyota vehicles, including the 2004 Toyota Tacoma. TMC denies the remaining allegations in this Paragraph.

4. The allegations of Paragraph 4 do not require a response. To the extent a response is deemed necessary, TMC denies that it is appropriate to collectively refer to TMS and TMC as "Toyota."

5. Paragraph 5 is admitted.

6. Paragraph 6 is admitted.

7. In response to Paragraph 7, TMC admits that it had overall responsibility for the design of a 2004 Toyota Tacoma bearing VIN 5TEWN72N642358156. Otherwise, Paragraph 7 is denied.

8. Paragraph 8 is admitted.

9. TMC lacks sufficient information upon which to form a belief as to the truthfulness of the allegations in Paragraph 9 and therefore denies the same.

10. TMC lacks sufficient information upon which to form a belief as to the truthfulness of the allegations in Paragraph 10 and therefore denies the same.

11. TMC lacks sufficient information upon which to form a belief as to the truthfulness of the allegations in Paragraph 11 and therefore denies the same.

12. TMC lacks sufficient information upon which to form a belief as to the truthfulness of the allegations in Paragraph 12 and therefore denies the same.

13. TMC lacks sufficient information upon which to form a belief as to the truthfulness of the allegations in Paragraph 13 and therefore denies the same.

14. Paragraph 14 is denied.

15. Paragraph 15 is denied.

16. Paragraph 16 is denied.

17. TMC lacks sufficient information upon which to form a belief as to the truthfulness of the allegations in Paragraph 17 and therefore denies the same.

18. TMC lacks sufficient information upon which to form a belief as to the truthfulness of the allegations in Paragraph 18 and therefore denies the same.

19. TMC lacks sufficient information upon which to form a belief as to the truthfulness of the allegations in Paragraph 19 and therefore denies the same.

20. TMC lacks sufficient information upon which to form a belief as to the truthfulness of the allegations in Paragraph 20 and therefore denies the same.

21. TMC responds to Paragraph 21 by referring to and incorporating its responses as if fully set forth herein. To the extent that Paragraph 21 suggests or implies liability or fault on the part of TMS, the same is denied.

22. In response to Paragraph 22, TMC states that it has certain legal duties with respect to its role in the design of the subject 2004 Toyota Tacoma, and TMC denies that it breached any of those duties. TMC denies the remaining allegations in this Paragraph.

23. To the extent that Paragraph 23 describes duties allegedly imposed upon TMC, the same are conclusions of law to which no response is required. To the extent a further response is required, TMC admits that it was required to comply, and did in fact comply, with all applicable laws regarding its role in the design of 2004 Toyota vehicles. Except as admitted, the allegations contained in Paragraph 23 are denied.

24. Paragraph 24 and all its subparts (a) through (h) are denied.

25. Paragraph 25 is denied.

26. TMS responds to Paragraph 26 by referring to and incorporating its responses as if fully set forth herein. To the extent that Paragraph 26 suggests or implies liability or fault on the part of TMS, the same is denied.

27. Paragraph 27 is denied.

28. Paragraph 28 is admitted.

29. Paragraph 29 is denied as to TMC.

30. Paragraph 30 is denied.

31. TMC lacks sufficient information upon which to form a belief as to the truthfulness of the allegations in Paragraph 31 and therefore denies the same.

32. TMC lacks sufficient information upon which to form a belief as to the truthfulness of the allegations in Paragraph 32 and therefore denies the same.

33. Paragraph 33 seeks to elicit a legal conclusion to which no response is required. To the extent Paragraph 33 suggests or implies liability or fault on the part of TMC, the same is denied.

34. Paragraph 34 is denied.

35. Paragraph 35 is denied.

36. Paragraph 36 is denied.

37. TMC responds to Paragraph 35 of the Third Claim for Relief by referring to and incorporating its responses as if fully set forth herein. To the extent that Paragraph 35 suggests or implies liability or fault on the part of TMC, the same is denied.

38. Paragraph 36 of the Third Claim for Relief seeks to elicit a legal conclusion to which no response is required. To the extent Paragraph 36 suggests or implies liability or fault on the part of TMC, the same is denied.

39. Paragraph 37 of the Third Claim for Relief seeks to elicit a legal conclusion to which no response is required. To the extent Paragraph 37 suggests or implies liability or fault on the part of TMC, the same is denied.

40. In response to Paragraph 38 of the Third Claim for Relief, TMC admits that it had overall responsibility for the design of a 2004 Toyota Tacoma bearing VIN 5TEWN72N642358156. TMC neither admits nor denies the remaining allegations as they state a conclusion of law. To the extent an answer is deemed required, TMC states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations and denies the same.

41. Paragraph 39 of the Third Claim for Relief is denied.

42. Paragraph 40 of the Third Claim for Relief is denied.

TMC denies that Plaintiff is entitled to the relief requested in the *ad damnum* clause immediately following Paragraph 40 of the Third Claim for Relief.

## SECOND DEFENSE

Plaintiff's First Amended Complaint fails to state a claim upon which relief can be granted as against TMC pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## THIRD DEFENSE

TMC hereby gives notice of its intent to assert any and all defenses available to it under the North Carolina Products Liability Act, N. C. Gen. Stat. Chapter 99B including, but not limited to, §99B-2(b), §99B-3, §99B-4, §99B-5, and §99B-6.

## FOURTH DEFENSE

TMC hereby asserts lack of privity as a defense to Plaintiff's claims against TMC, and Plaintiff may not enforce the same with respect to the subject vehicle.

## FIFTH DEFENSE

Upon information and belief, TMC would show that any damages sustained by Plaintiff were the proximate cause of alteration or modification of the product by a party other than TMC, which alteration or modification occurred after the product left the control of TMC. Such alteration or modification was not made with the express consent of TMC and was not in accordance with any instructions or specifications of TMC.

## SIXTH DEFENSE

Upon information and belief, TMC would show that the damage Plaintiff sustained, if any, was proximately caused by Plaintiff's own contributory negligence, which operates as a complete bar to his recovery. Plaintiff was contributorily negligent in that he:

(a) Failed to keep the vehicle under proper control;

(b) Failed to properly wear his seat belt;

(c) Failed to follow express and adequate instructions or warnings delivered with, appearing on, or attached to the subject vehicle;

(d) Failed to exercise reasonable care under the circumstances; and

(e) Was otherwise negligent or careless as may be revealed during discovery.

**SEVENTH DEFENSE**

Upon information and belief, TMC would show that Plaintiff's damages were due to and proximately caused by the sole intervening/insulating negligence of a party, or parties, other than TMC. Such intervening/insulating negligence was the sole proximate cause of Plaintiff's injuries and damages, and Plaintiff may not recover against TMC.

**EIGHTH DEFENSE**

Upon information and belief, the accident and damages were proximately caused by the misuse of the subject vehicle or product by Plaintiff, third persons, or other entity acting without the authority of TMC.

**NINTH DEFENSE**

Upon information and belief, TMC would show that if there existed any defect or dangerous condition in the subject vehicle as alleged in Plaintiff's First Amended Complaint, which has been and is once again denied, then Plaintiff knew of or discovered such defect or dangerous condition and unreasonably and voluntarily exposed himself and his property to the danger which was the proximate cause of Plaintiff's damages.

**TENTH DEFENSE**

TMC would show that the subject vehicle conformed to the existing state of the art for similar vehicles then existing.

**ELEVENTH DEFENSE**

The subject vehicle described in the First Amended Complaint was not defective at the time it left the control of TMC.

**TWELFTH DEFENSE**

At all times during the design, manufacture, engineering, assembly and inspection of the subject vehicle, the same was in compliance with all applicable federal and state legislative regulatory standards or administrative regulatory safety standards relating to design or performance for the subject vehicle and, therefore, Plaintiff may not recover against TMC.

**THIRTEENTH DEFENSE**

The terms of the warranty, if any, accompanying the alleged sale of the vehicle to Plaintiff are exclusive and to the extent they expressly disclaim any other warranties, representations or theories of liability (express or implied), and limit Plaintiff's remedies and damages, Plaintiff may not recover from TMC.

**FOURTEENTH DEFENSE**

Upon information and belief, Plaintiff had knowledge of and assumed all risks related to the manner in which the subject vehicle allegedly performed. Accordingly, Plaintiff's claims for damages against TMC should be barred or reduced.

**FIFTEENTH DEFENSE**

To the extent that Plaintiff may have failed to comply with the requirements of the express warranty in order to receive its benefit and entitlement, or to maintain and repair the

vehicle in proper order in accordance with this warranty, Plaintiff is precluded from recovering against TMC.

**SIXTEENTH DEFENSE**

To the extent the warranty applicable to the vehicle expressly denies responsibility for damage or malfunction resulting from neglect or lack of required maintenance, alteration, accident, failure to follow recommended requirements, improper repair of the vehicle, and normal wear and deterioration of any part, Plaintiff's failure to follow the recommended maintenance requirements and additional negligent acts and omissions precludes the action for breach of warranty.

**SEVENTEENTH DEFENSE**

Plaintiff has had the use and enjoyment of the vehicle throughout the time he has owned and operated it, and this use and benefit has resulted in the depreciation of the value of the vehicle from both normal and abnormal wear and tear. Therefore, in the event Plaintiff prevails against TMC, TMC pleads an affirmative setoff in the form of a credit for the vehicle's use and depreciation and mileage under all applicable law, including N.C. Gen. Stat. §25-2-103.

**EIGHTEENTH DEFENSE**

TMC hereby gives notice of its intent to assert any and all defenses available to it under the Uniform Commercial Code, N. C. Gen. Stat. Chapter 25.

### NINETEENTH DEFENSE

TMC hereby asserts all applicable statutes of repose and limitation pursuant to North Carolina law in bar of Plaintiff's purported claims for relief.

### TWENTIETH DEFENSE

TMC avers that the invitation for a court or jury to impose liability on TMC for an automobile designed in conformance with the standards, rules and regulations set by the United States government would deny TMC due process of law in violation of the Fourteenth Amendment to the United States Constitution and Article I, Section 18, of the North Carolina Constitution.

### TWENTY-FIRST DEFENSE

TMC avers that the invitation for a court or jury to impose liability on TMC for an automobile designed in conformance with standards, rules and regulations set by the United States government would be contrary to the public policy of the United States and the state of North Carolina.

### TWENTY-SECOND DEFENSE

Any claims by the Plaintiff against TMC for an automobile designed in accordance with standards, rules and regulations set by the United States government are preempted by applicable federal law.

### RESERVATION OF RIGHTS

TMC has not had an opportunity to conduct a sufficient investigation or to engage in adequate discovery touching on the circumstances of Plaintiff's allegations. TMC intends to act as best it can to inform itself as to the pertinent facts and prevailing circumstances

surrounding any reported damage to Plaintiff as alleged in the First Amended Complaint, and gives notice of its intent to assert any further affirmative defenses that its information gathering process may indicate are supported by fact and law, including but not limited to, a defense that the action is barred in whole or in part by any applicable statute, contract, release, covenant, or the doctrine of laches. TMC therefore reserves the right to amend its answer to assert any such defenses.

**WHEREFORE**, the Defendant Toyota Motor Corporation, having fully answered the First Amended Complaint of the Plaintiff, prays as follows:

1. That the Plaintiff have and recover nothing of TMC in this action;

2. That the Plaintiff's action against TMC be dismissed, and that the costs of this action be taxed against the Plaintiff and TMC have and recover defense costs, attorneys' fees and any other consequential damages permissible under law;

3. That there be trial by jury; and

4. That TMC have and recover such other and further relief as the Court may deem just and proper.

Respectfully submitted this 18th day of September, 2014.

        By: *s/Paul J. Osowski*
          Paul J. Osowski
          N.C. State Bar No. 23423
          **NELSON MULLINS RILEY**
          **& SCARBOROUGH LLP**
          Bank of America Corporate Center
          100 North Tryon Street, Suite 4200
          Charlotte, North Carolina 28202-4021

704.417.3000 (telephone)
704.417.3212 (facsimile)
E-Mail: paul.osowski@nelsonmullins.com

Harlan I. Prater, IV *Pro Hac Vice*
Marchello D. Gray *Pro Hac Vice*
LIGHTFOOT, FRANKLIN & WHITE, L.L.C.
The Clark Building
400 North 20th Street
Birmingham, Alabama 35203-3200
205.581.0700 (telephone)
205.581.0799 (facsimile)
E-Mail: hprater@lightfootlaw.com
E-Mail: mgray@lightfootlaw.com

*Attorneys for Defendant Toyota Motor Sales, U.S.A., Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he has served a copy of the foregoing document upon counsel of record via Court's CM/ECF e-mail Service, on this the 18th day of September, 2014, upon the below named persons:

Tom Babel
tsb@wardandsmith.com

Jeremy M. Wilson
jw@wardandsmith.com

*Attorneys for Plaintiff*

By: *s/Paul J. Osowski*
Paul J. Osowski
**NELSON MULLINS RILEY & SCARBOROUGH**
*Attorney for Defendant Toyota Motor Sales, U.S.A., Inc.*