IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CASE NO. 1:14-cv-00174

| | |
|---|---|
| DAVID WEBER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| TOYOTA MOTOR SALES, U.S.A., | ) |
| INC. and TOYOTA MOTOR | ) |
| CORPORATION | ) |

Defendants.

## UNOPPOSED MOTION FOR LEAVE TO AMEND

Pursuant to Rule 15 of the *Federal Rules of Civil Procedure*, Defendants, Toyota Motor Sales, U.S.A., and Toyota Motor Corporation ("Defendants") hereby seek leave to amend their respective Answers to Plaintiff David Weber's ("Plaintiff") Complaint. *Plaintiff consents to this motion.* In further support of this Motion, Defendants state as follows:

### FACTUAL BACKGROUND

1. The motor vehicle accident made the basis of this action occurred on May 5, 2012.

2. On May 23, 2014, Plaintiff filed a Complaint against TMS in the Superior Court of Buncombe County, North Carolina, and TMS timely removed

this action to federal court on the basis of diversity jurisdiction on July 8, 2014. Along with the removal notice, TMS timely filed its Answer to the Complaint. Plaintiff amended his original Complaint on September 24, 2014, to add Toyota Motor Corporation ("TMC") as a party defendant. TMC and TMS filed answers to the Amended Complaint on September 18, 2014.

3. On November 5, 2014, Defendants took Plaintiff's deposition. During that deposition, Plaintiff disclosed that he filed for Chapter 7 bankruptcy protection following this accident. He also testified that the bankruptcy discharged some of the debts he owed to different healthcare providers for injuries suffered in the accident.

4. Following the deposition, counsel for Defendants investigated Plaintiff's bankruptcy filings and learned that he, through different counsel, filed a petition for Chapter 7 bankruptcy protection in the Western District of North Carolina on or about August 2, 2013. His petition did not list any potential personal injury claims in his schedule of assets.

**5.** Because of his failure to disclose potential claims against Defendants in his bankruptcy filings, Defendants believe that Plaintiff lacks standing, is not a proper party, and is judicially estopped to assert those claims against Defendants here.

2

## ARGUMENT

6.　　Federal Rule of Civil Procedure 15 governs the amendment and supplementation of pleadings. Rule 15(a)(2) requires either the written consent of the opposing party or the court's leave to amend pleadings. Rule 15(a)(2) specifically counsels that, "[t]he Court should freely give leave when justice so requires." In fact, leave should only be denied where there exists a "substantial ground for doing so." *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Medigen of Ky., Inc. v. Pub. Serv. Comm'n,* 985 F.2d 164, 167–68 (4th Cir.1993) ("The decision whether to grant leave to amend falls within the discretion of the trial court; however, the federal rules strongly favor granting leave to amend."). No substantial ground for denial of this motion exists here, and leave is due to be granted.

7.　　Because the Defendants have only recently learned the details of Plaintiff's bankruptcy proceeding, there is no undue delay.

8.　　There is no cause to deny leave based on futility. The proposed amendments, on their face, would allow the Defendants to assert additional affirmative defenses that may support a dispositive motion.

9.　　Plaintiff will not be prejudiced by the requested leave to amend. Discovery is still ongoing in this case, and Plaintiff would have substantial time in

3

which to attempt to develop facts to rebut the additional defenses raised, if he wishes to do so.

10. Defendants would be prejudiced by a denial of the requested leave to amend. A denial could result in Defendants being forced to litigate this against the wrong party, incurring substantial defense costs only to gain no relief from potential liability.

11. There is nothing to suggest that the Defendants seek to harass Plaintiff with the proposed amendment, or do so in bad faith. In fact, counsel for Defendants has conferred with counsel for Plaintiff in an effort to work together to determine the most appropriate course of action in light of the issues presented by the bankruptcy filing.

12. For all of the above reasons, Defendants seek leave of this Court to amend their respective Answers to include additional affirmative defenses related to Plaintiff's bankruptcy filings. A copy of the Defendants' proposed amended answers are attached as Exhibits "A" and "B."

WHEREFORE, PREMISES CONSIDERED, Defendants move this Court to grant them leave to amend their Answers to Plaintiff's Complaint.

Dated this 22nd day of December, 2014.

                                       *s/Paul J. Osowski*_____
                                       One of the Attorneys for Defendants
                                       Toyota Motor Sales, U.S.A., Inc., and
                                       Toyota Motor Corporation

OF COUNSEL:
Paul J. Osowski paul.osowski@nelsonmullins.com
NC Bar No. 23423
NELSON MULLINS RILEY
& SCARBOROUGH, L.L.P.
Bank of America Corporate Center
100 North Tryon Street, Suite 4200
Charlotte, North Carolina 28202-4021
Ph: (704) 417-3000
Fax: (704) 417-3212

Harlan I. Prater, IV hprater@lightfootlaw.com
Marchello D. Gray mgray@lightfootlaw.com
LIGHTFOOT, FRANKLIN & WHITE, L.L.C.
The Clark Building
400 North 20th Street
Birmingham, Alabama 35203-3200
(205) 581-0700

## **CERTIFICATE OF SERVICE**

I, the undersigned attorney for Toyota Motor Sales U.S.A., Inc. and Toyota Motor Corporation do hereby certify that a copy of the above has been provided to all counsel of record in this action via the EC/CMF electronic filing system.

>Tom Babel
>tsb@wardandsmith.com
>
>Jeremy M. Wilson
>jw@wardandsmith.com
>
>*Attorneys for Plaintiff*

>By: *s/Paul J. Osowski*
>Paul J. Osowski
>**NELSON MULLINS RILEY & SCARBOROUGH**
>*Attorney for Defendants Toyota Motor Sales, U.S.A., Inc. and Toyota Motor Corporation*

December 22, 2014.