IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL ACTION FILE NO. 1:14-cv-00174-MR-DLH

| | |
|---|---|
| DAVID WEBER, )<br>　　　　Plaintiff )<br> )<br>　　v. )<br> )<br>TOYOTA MOTOR SALES USA, )<br>INC. and TOYOTA MOTOR )<br>CORPORATION, )<br>　　　　Defendants ) | PLAINTIFF'S SECOND<br>UNOPPOSED MOTION TO STAY<br>PROCEEDINGS |

　　　　NOW COMES Plaintiff David Weber and asks the Court to amend its Order to Stay to any and all proceedings (Dkt. 36) for an additional sixty (60) day period. In support of this Motion, Plaintiff shows unto the Court as follows:

　　　　1.　　The action concerns a motor vehicle accident that occurred on or about May 5, 2012. Plaintiff was the owner of a 2004 Toyota Tacoma, and this vehicle was in a collision with another vehicle on I-240 in Buncombe County, North Carolina. Plaintiff alleges that, at the time of the collision, the webbing on Plaintiff's seatbelt broke, causing Plaintiff to be ejected violently from the vehicle. Plaintiff sustained serious and permanent personal injuries.

　　　　2.　　On May 23, 2014, Weber filed a Complaint (Dkt. 1) against Toyota Motor Sales USA, Inc. ("TMS") in the Superior Court of Buncombe

County, North Carolina. Plaintiff asserted various claims related to the seatbelt's alleged failure during the May 5, 2012 collision and Plaintiff's consequent injuries. TMS subsequently removed the case to federal court and filed its Answer to the Complaint. Plaintiff amended its Complaint on September 24, 2014 (Dkt. 20) and added Toyota Motor Corporation ("TMC") as a defendant. TMS and TMC answered the Amended Complaint on September 18, 2014 (Dkts. 21, 22).

3. The parties subsequently engaged in discovery, including written discovery and depositions. Following their deposition of Plaintiff, Defendants filed an Unopposed Motion for Leave to Amend (Dkt. 30) in which they sought to amend their Answers to Plaintiff's Amended Complaint. The Court subsequently granted this Motion (Dkt. 31).

4. In their Amended Answers (Dkts. 32, 33), Defendants contend that Plaintiff lacks standing and is judicially estopped to pursue the claims outlined in the Amended Complaint. Defendants contend that, as a result of a previous petition for Chapter 7 bankruptcy protection filed in the Western District of North Carolina on or about August 2, 2013, said bankruptcy case bearing File No. 13-10512 ("Bankruptcy"), Plaintiff cannot pursue the claims at issue in this matter. Specifically, Defendants contend that Plaintiff was required to list these claims in his Amended Complaint as an asset included in the Bankruptcy, that he

failed to do so, and that Plaintiff consequently lacks standing, is not a proper party, and is judicially estopped to assert said claims against Defendants in this action. Defendants believe that these are threshold issues which will impact the further conduct of this case, including trial, and, if left unresolved, will effectively preclude the parties from participating in meaningful and binding mediation or other settlement discussions in the meantime.

5. Plaintiff objects to Defendants' above-referenced contentions and believes that he does, in fact, have standing to pursue the claims asserted in his Amended Complaint, is a proper party to this lawsuit, and is not judicially estopped from asserting his claims. Nevertheless, out of an abundance of caution, Plaintiff has petitioned the bankruptcy court to reopen the Bankruptcy and address these issues to the extent necessary. The Motion was filed on or about April 14, 2015. As of the date of this filing, no party has objected to the Motion and a proper Order will be submitted to the Court immediately for execution. Plaintiff will then seek the bankruptcy court's guidance on the need to amend Plaintiff's filed schedules to include the claims asserted in the Amended Complaint. Plaintiff will seek a determination of whether the claims asserted in his Amended Complaint were, indeed, part of the bankruptcy estate and what role the bankruptcy trustee must play in this lawsuit.

3

6. The requested additional stay will promote judicial economy and efficiency in that it will allow the parties to receive a determination regarding any corrective action that must be taken regarding the Bankruptcy. Once addressed, the parties may focus on the central issues involving Plaintiff's asserted claims.

7. Although Defendants do not concede that the standing, proper party, and judicial estoppel issues can be remedied in the bankruptcy court, Defendants do not oppose this Motion and consent to the 60-day stay requested herein.

WHEREFORE, Plaintiff requests that this Motion be granted and that this matter be stayed, including all applicable court deadlines, for sixty (60) days so that Plaintiff may seek guidance from the bankruptcy court regarding these matters.

Respectfully submitted this the 26th day of May, 2015.

/s/*Thomas S. Babel*
Thomas S. Babel
N.C. State Bar I.D. No.: 35004
email: tsb@wardandsmith.com
Jeremy M. Wilson
N.C. State Bar I.D. No.: 43301
email: jw@wardandsmith.com
For the firm of
Ward and Smith, P.A.
Post Office Box 7068
Wilmington, NC 28406-7068
Telephone: 910.794.4800
Facsimile: 910.794.4877
Attorneys for Plaintiff

CERTIFICATE OF SERVICE

I hereby certify that on May 26, 2015, I electronically filed PLAINTIFF'S SECOND UNOPPOSED MOTION TO STAY PROCEEDINGS with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Paul Joseph Osowski and Harlan I. Prater, IV.

/s/Thomas S. Babel
Thomas S. Babel
N.C. State Bar I.D. No.: 35004
email: tsb@wardandsmith.com
For the firm of
Ward and Smith, P.A.
Post Office Box 7068
Wilmington, NC 28406-7068
Telephone: 910.794.4800
Facsimile: 910.794.4877
Attorneys for Plaintiff

ND: 4850-0463-7220, v. 1