IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL ACTION FILE NO. 1:14-cv-00174-MR-DLH

| | |
|---|---|
| DAVID WEBER, )<br>      Plaintiff )<br>)<br>      v. )<br>)<br>TOYOTA MOTOR SALES USA, )<br>INC. and TOYOTA MOTOR )<br>CORPORATION, )<br>      Defendants ) | MEMORANDUM OF LAW IN<br>SUPPORT OF PLAINTIFF'S<br>SECOND UNOPPOSED MOTION<br>TO STAY PROCEEDINGS |

NOW COMES Plaintiff David Weber and asks the Court to amend its Order to Stay to any and all proceedings (Dkt. 36) in this matter and extend the applicable deadlines for sixty (60) days. Plaintiff similarly asks that all pending case deadlines be stayed for the same 60-day period.

FACTUAL AND PROCEDURAL BACKGROUND

The action concerns a motor vehicle accident that occurred on or about May 5, 2012. [*See* Amended Complaint (Dkt. 20).] Plaintiff was the owner of a 2004 Toyota Tacoma, and this vehicle was in a collision with another vehicle on I-240 in Buncombe County, North Carolina. [*Id.*] Plaintiff alleges that, at the time of the collision, the webbing on Plaintiff's seatbelt broke, causing Plaintiff to

be ejected violently from the vehicle. [*Id.*] Plaintiff sustained serious and permanent personal injuries. [*Id.*]

On May 23, 2014, Plaintiff filed a Complaint (Dkt. 1) against Toyota Motor Sales USA, Inc. ("TMS") in the Superior Court of Buncombe County, North Carolina. Plaintiff asserted various claims related to the seatbelt's alleged failure during the May 5, 2012 collision and Plaintiff's consequent injuries. TMS subsequently removed the case to federal court and filed its Answer to the Complaint. Plaintiff amended its Complaint on September 24, 2014 (Dkt. 20) and added Toyota Motor Corporation ("TMC") as a defendant. TMS and TMC answered the Amended Complaint on September 18, 2014 (Dkts. 21, 22).

The parties subsequently engaged in discovery, including written discovery and depositions. Following their deposition of Plaintiff, Defendants filed an Unopposed Motion for Leave to Amend (Dkt. 30) in which they sought to amend their Answers to Plaintiff's Amended Complaint. The Court subsequently granted this Motion (Dkt. 31).

In their Amended Answers (Dkts. 32, 33), Defendants contend that Plaintiff lacks standing to pursue the claims outlined in the Amended Complaint. Defendants contend that, as a result of a previous petition for Chapter 7 bankruptcy protection filed in the Western District of North Carolina or about August 2, 2013,

said bankruptcy case bearing File No. 13-10512 ("Bankruptcy"), Plaintiff cannot pursue the claims at issue in this matter.  [*See, e.g.*, Answer of TMS to First Amended Complaint (Dkt. 32), "Twenty-Third Defense" & "Twenty-Fourth Defense."]  Specifically, Defendants contend that Plaintiff was required to list the claims in his Amended Complaint as an asset included in the Bankruptcy, that he failed to do so, and that Plaintiff consequently lacks standing, is not a proper party, and is judicially estopped to assert said claims against Defendants in this action.

Plaintiff objects to Defendants' above-referenced contentions and believes that he does, in fact, have standing to pursue the claims asserted in his Amended Complaint, is a proper party to this lawsuit, and is not judicially estopped from asserting his claims.  Nevertheless, out of an abundance of caution, Plaintiff intends to petition the bankruptcy court to reopen the Bankruptcy and address these issues to the extent necessary.  Among other things, Plaintiff will seek the bankruptcy court's guidance on the need to amend Plaintiff's filed schedules to include the claims asserted in the Amended Complaint.  Plaintiff will seek a determination of whether the claims asserted in his Amended Complaint were, indeed, part of the bankruptcy estate and what role the bankruptcy trustee must play in this lawsuit.

## LAW AND ARGUMENT

It is well established that the court's "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Int'l Nickel Co., v. Martin J. Barry, Inc.*, 204 F.2d 583, 586 (4th Cir. 1953) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). For instance, "[t]rial courts are afforded broad discretion in determining whether to stay or dismiss litigation in order to avoid duplicating a proceeding already pending in another federal court." *State Farm Life Ins. Co. v. Bolin*, No. 5:11-CV-1, 2011 U.S. Dist. LEXIS 54526, at *5 (W.D.N.C. May 11, 2011) (quoting *I.A. Durbin, Inc. v. Jefferson Nat'l Bank*, 793 F.2d 1541, 1551-52 (11th Cir. 1986)).

Plaintiff believes that the requested stay is appropriate, and he asks the Court, in its discretion, to grant the requested stay in order to provide Plaintiff an opportunity to clarify any issues with the bankruptcy court. Although Defendants do not concede that the standing, proper party, and judicial estoppel issues can be remedied in the bankruptcy court, Defendants do not oppose Plaintiff's Second Motion to Stay and consent to the 60-day stay requested therein.

Plaintiff believes that the requested stay will promote judicial economy and efficiency in that it will allow the parties to receive a determination

regarding any corrective action that must be taken regarding the Bankruptcy. Once addressed, the parties may focus on the central issues involving Plaintiff's asserted claims.

## CONCLUSION

In sum, Plaintiff requests that this second motion be granted and that this matter be stayed, including all applicable deadlines, for sixty (60) days, so that Plaintiff may seek guidance from the bankruptcy court regarding these matters. The requested stay will allow Plaintiff to attempt to address the issues Defendants have raised concerning the Bankruptcy. Plaintiff consequently believes that the requested stay will promote judicial economy and efficiency in the determination of matters central to this lawsuit.

Respectfully submitted this the 26th day of May, 2015.

/s/*Thomas S. Babel*
Thomas S. Babel
N.C. State Bar I.D. No.: 35004
email: tsb@wardandsmith.com
Jeremy M. Wilson
N.C. State Bar I.D. No.: 43301
email: jw@wardandsmith.com
For the firm of
Ward and Smith, P.A.
Post Office Box 7068
Wilmington, NC 28406-7068
Telephone: 910.794.4800
Facsimile: 910.794.4877
Attorneys for Plaintiff

CERTIFICATE OF SERVICE

I hereby certify that on May 26, 2015, I electronically filed MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S SECOND UNOPPOSED MOTION TO STAY PROCEEDINGS with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Paul Joseph Osowski and Harlan I. Prater, IV.

/s/Thomas S. Babel
Thomas S. Babel
N.C. State Bar I.D. No.: 35004
email: tsb@wardandsmith.com
For the firm of
Ward and Smith, P.A.
Post Office Box 7068
Wilmington, NC 28406-7068
Telephone: 910.794.4800
Facsimile: 910.794.4877
Attorneys for Plaintiff

120848-00001
ND: 4822-7951-9524, v. 1